Robert A. Friedman
Attorney for Plaintiff
ROBERT A. FRIEDMAN and ASSOCIATES
3410 Broadway
Everett, Washington 98201
(425) 252-5551
(425) 259-7111 (fax)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TRACY FREEL, | ) |
| | ) |
| Plaintiff, | ) Case No. F05-0018-CIV (RRB) |
| | ) |
| v. | ) |
| | ) Hon. Ralph R. Beistline, |
| JO ANNE B. BARNHART, | ) United States District Judge |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

<u>PLAINTIFF'S REPLY BRIEF</u>

I. <u>Introduction</u>

Plaintiff, Tracy Freel, raised six issues and requested alternative judicial relief: either reversal of the Commissioner's final decision without a remand for a rehearing, i.e., for a finding of disability and an award of benefits, or, alternatively, reversal with a remand for a rehearing, i.e., for further administrative proceedings. (Pl.'s Opening Br. (Pl.'s Br. ) 8-21.) 42 U.S.C. § 405(g) (sentence four). The Commissioner responds, but only in part. (Def.'s Br. at 1-19.) Freel replies below to the Commissioner, following the order of issues in Plaintiff's Brief.

II.      *§ 404.1530*: The Commissioner Admits That the Requirements of § 404.1530 Were Not Met.

The ALJ expressly relied on 20 C.F.R. § 404.1530 (2005) to find Freel not disabled. (Tr. at 22 (citing 20 C.F.R. § 404.1530(b)).) Freel proved that § 404.1530 was misapplied in this case since its requirements were not met. (Pl.'s Br. at 8-10.) The Commissioner admits that the requirements of § 404.1530 were not met. (Def.'s Br. at 6-7.) Despite admitting that § 404.1530 had no application in this case, the Commissioner uses the fact that its requirements were not met as reason to excuse the ALJ's application of it! (Def.'s Br. at 6-7.) The Commissioner thus tries to use the very fact that the ALJ erroneously relied on § 404.1530 as reason to excuse his reliance on that regulation.

While admitting § 404.1530 had no application in this case despite the fact that the ALJ relied on it, the Commissioner states that Freel's failure to follow prescribed treatment was reason to find him not credible. (Def.'s Br. at 7.) Section 404.1530 has nothing to do with a credibilty finding. See 20 C.F.R. § 404.1529 (2005); Social Security Ruling (SSR) 82-59[1] (explaining § 404.1530). The ALJ should not have relied upon § 404.1530.

III.     *Activities*: The Commissioner Has Not Rehabilitated the ALJ's Decision.

Freel demonstrated that the ALJ erroneously evaluated his activities. (Pl.'s Br. at 10-15.) The Commissioner has not rehabilitated the ALJ's decision. (Def.'s Br. at 6-19.)

---

[1] Available at http://www.ssa.gov/OP_Home/rulings/di/02/SSR82-59-di-02.html.

  A. *Sustained Work*: The Commissioner Does Not Distinguish *Vertigan* (9th Cir.).

Freel's activities of daily living nowhere approached the level of sustained work necessary for a finding of non-disability at step five; his activities were limited and intermixed with significant periods of rest. (Pl.'s Br. at 11-12; Tr. at 84, 322-23.) See SSR 96-8p[2] (explaining the importance of a capacity for full-time work). For this, Freel relied in part on Vertigan v. Halter, 260 F.3d 1044 (9th Cir. 2001), in which the Ninth Circuit held, "This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability." Id. at 1050. While defending the ALJ's adverse credibility finding, the Commissioner does not distinguish Vertigan. (Def.'s Br. at 8-11, 16.) Instead, the Commissioner raises the canard that the ALJ was not required to use the word "sustained." (Def.'s Br. at 16-17.) Freel did not argue that the ALJ was required to use the word "sustained" but that at issue was whether his activities of daily living were evidence that he could perform sustained work, which they were not. (Pl.'s Br. at 11-12.)

  B. *Walking*: The Commissioner is Unresponsive.

The Commissioner is unresponsive to Freel's contention that the ALJ erroneously relied on the fact that he took short walks to find that he could do the extensive walking that light work requires. (Compare Pl.'s Br. at 12-13, with Def.'s Br. at 9.) The Commissioner does not explain how taking "short walks" was evidence that Freel could do the prolonged walking at one time

---

[2] Available at http://www.ssa.gov/OP_Home/rulings/di/01/SSR96-08-di-01.html.

and walking for six hours per workday that light work requires. (Def.'s Br. at 9.) SSR 83-12[3] (light work requires prolonged walking at one time); SSR 83-10[4] (light work requires the ability to stand and/or walk for a total of six hours in an eight-hour workday).

      C.      *Sitting*: Like the ALJ, the Commissioner Mischaracterizes the Evidence.

Freel established that the ALJ mischaracterized the evidence when stating that Freel alleged that he could not sit for "'any'" length of time. (Pl.'s Br. at 13 (quoting Tr. at 22).) The Commissioner makes the same mistake as the ALJ, alleging that at page 84 Freel claimed that he could not "sit for any length of time" (Def.'s Br. at 9) when he said nothing of the sort (Tr. at 84). At page 84, Freel reported that he spent "a little time on the [I]nternet." (Tr. at 84; see also id. at 92 (Freel's statement that he could sit for thirty minutes at one time); id. at 318 (similar).) The Commissioner's and the ALJ's mischaracterization of Freel's statements about sitting is not substantial evidence. An ALJ may not fairly exaggerate a claimant's statements and then dismiss those statements as exaggerated.

The Commissioner also endorses the ALJ's claim that using a computer "presumably" shows that Freel sat for prolonged periods (Tr. at 23) even though the ALJ never asked Freel if he stood after sitting for a short time or how long he sat at the computer at one time (Def.'s Br. at 14). The Commissioner denies that the ALJ's express presumption was speculation but instead maintains that it was "common sense." (Def.'s Br. at 14.) The Commissioner's apparent belief that it is impossible to take breaks after sitting at a computer for a short period of time is neither

---

[3] Available at http://www.ssa.gov/OP_Home/rulings/di/02/SSR83-12-di-02.html.

[4] Available at http://www.ssa.gov/OP_Home/rulings/di/02/SSR83-10-di-02.html.

evidence nor substantial evidence. On the contrary, when a claimant reports difficulty with prolonged sitting, it is common sense to conclude that the claimant did not sit for prolonged periods when using a computer but instead took breaks from sitting at regular intervals.

    D.    *Fishing*: The ALJ Does Not Distinguish *Universal Camera*.

Freel explained that when finding him not credible because he went fishing, the ALJ's rationale violated Universal Camera Corp. v. NLRB, 340 U.S. 456, 488 (1951), in that the ALJ did not take into account facts that detracted from his rationale. (Pl.'s Br. at 14-15.) When defending the ALJ's consideration of fishing, the Commissioner does not distinguish Universal Camera. (Def.'s Br. at 9, 14.)

For all these reasons, the ALJ on remand should redetermine Freel's credibility.

IV.    *Dr. Peterson and Dr. Roderer*: The Commissioner's
        Reliance on the ALJ's Credibility Finding Fails.

The ALJ dismissed the opinions of treating orthopedist Dr. Peterson and treating pain specialist Dr. Roderer. (Tr. at 23 (ALJ's rationale); id. at 229 (Dr. Peterson's opinions); id. at 230 (Dr. Roderer's opinions).) Freel showed that the ALJ did not give legally sufficient reasons for that dismissal. (Pl.'s Br. at 15-19.) The ALJ relied heavily on Freel's supposed admissions and activities of daily living when nowhere did Freel admit that he could perform sustained work and when Freel's activities of daily living nowhere approached the level of sustained work. (Pl.'s Br. at 15-19.) The Commissioner's defense of the ALJ's dismissal fails for the same reason that the Commissioner's defense of the ALJ's credibility finding fails. (Def.'s Br. at 12-15.) Substantial evidence does not support the ALJ's adverse credibility finding.

The Commissioner also repeats the ALJ's mistaken reliance on the absence of an opinion from Dr. Roderer in his clinical notes against Dr. Roderer's express October 2004, opinions. (Compare Pl.'s Br. at 18-19, with Def.'s Br. at 14.) Contrary to the Commissioner's view, a busy treating physician does not address whether a claimant can work unless asked. Cf. Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988) ("In fact, Dr. Kane did not address the issue of any type of work but appellant's former work. Such silence is equally susceptible to either inference, therefore, no inference should be taken.").

V.  *Physical Therapy*: The Commissioner Violates *Ramirez* (9th Cir.) and *Harman* (9th Cir.).

Using evidence submitted to the Appeals Council, Freel showed that the ALJ erroneously believed that Freel did not have physical therapy after November 2000. (Pl.'s Br. at 19-20.) For judicial consideration of Appeals Council evidence, Freel relied on Harman v. Apfel, 211 F.3d 1172, 1180 (9th Cir. 2000), Gomez v. Chater, 74 F.3d 967, 971 (9th Cir. 1996), and Ramirez v. Shalala, 8 F.3d 1449, 1451-54 (9th Cir. 1993). (Pl.'s Br. at 19-20.) Freel proved that in the Ninth Circuit evidence submitted to the Appeals Council is considered under sentence four of 42 U.S.C. § 405(g), and not under sentence six of § 405(g). (Pl.'s Br. at 19-20.) The Commissioner's response to this proof is inconsistent, conceding that Appeals Council evidence is considered under sentence four and only considered under sentence six. (Def.'s Br. at 17-19.)

The Commissioner admits that Appeals Council evidence is used to determine whether "substantial evidence" supports the Commissioner's final administrative decision. (Def.'s Br. at 17 (citing Ramirez, 8 F.3d at 1451-52).) When a court determines whether substantial evidence supports the Commissioner's final decision, the court makes a ruling on the substantive

correctness of the final decision. Necessarily, that ruling is under sentence four of § 405(g). See Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991); Harman, 211 F.3d at 1174-75 & nn. 4-5.

While admitting that Appeals Council evidence is considered under sentence four of § 405(g), the Commissioner also believes that Appeals Council is considered only under sentence six of § 405(g). (Def.'s Br. at 18-19.) For this argument, the Commissioner asserts that the Appeals Council's denial of review is unreviewable. (Def.'s Br. at 18.) And the Commissioner relies on Eighth Circuit law. (Def.'s Br. at 18 (citing Mackey v. Shalala, 47 F.3d 951, 953 (8th Cir. 1994)).) In the Ninth Circuit, the Appeals Council's denial of review is reviewable. See Ramirez, 8 F.3d at 1451-54 (finding errors in the Appeals Council's denial of review).

But even if the Appeals Council's denial of review were not reviewable as it is not in Eighth Circuit, this does not mean that Appeals Council evidence is considered under sentence six. In the Eighth Circuit where the Appeals Council's denial of review is unreviewable, Appeals Council evidence is considered under sentence four when determining whether substantial evidence supports the ALJ's decision. See Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992) ("If, as here, the Appeals Council considers the new evidence but declines to review the case, we review the ALJ's decision and determine whether there is substantial evidence in the administrative record, which now includes the new evidence, to support the ALJ's decision.") (footnote omitted). Whether the Appeals Council's denial of review is reviewable is an entirely different question than whether Appeals Council evidence is considered under sentence four or six of § 405(g). The Commissioner's reliance on Eighth Circuit law is self-defeating. In the Eighth Circuit just as in the Ninth Circuit, a court considers Appeals Council evidence on

substantial evidence review of an ALJ's decision. <u>Nelson</u>, 966 F.2d at 366.

VI.     <i>Stooping</i>: <u>The Commissioner Does Not Respond.</u>

The Commissioner appears not to respond directly to Freel's contention that he could not stoop repetitively or even occasionally. (<u>Compare</u> Pl.'s Br. at 20-21, <u>with</u> Def.'s Br. at 6-19.)

VII.    <i>Strong Pain Medication</i>: <u>The Commissioner Does Not Respond.</u>

Freel disputed whether the ALJ considered adequately the fact that he took strong pain medication such as methadone. (Pl.'s Br. at 21.) The Commissioner does not respond directly to this argument, but disavows that the ALJ did not analyze adequately Freel's side effects of medication. (Def.'s Br. at 17 (citing Pl.'s Br. at 21).) Freel's argument does not concern the side effects of medication. (Pl.'s Br. at 21.)

VIII.   <u>Conclusion</u>

The Court should enter judgment under sentence four, reversing the Commissioner's final decision with a remand for a rehearing, i.e., for further administrative proceedings. There are multiple harmful defects in the ALJ's decision.

                                        Respectfully submitted,

                                        s/Robert A. Friedman
Dated: February 3, 2006                 ROBERT A. FRIEDMAN
                                        Attorney for Plaintiff

Robert A. Friedman
Attorney for Plaintiff
ROBERT A. FRIEDMAN and ASSOCIATES
3410 Broadway
Everett, Washington 98201
(425) 252-5551
(425) 259-7111 (fax)
robertf@rafalaw.com

CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing Plaintiff's Reply Brief on Defendant's counsel

Richard L. Pomeroy
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513

by electronic filing on February 3, 2006.

                 s/Robert A. Friedman
                 ROBERT A. FRIEDMAN